IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELO NAVARRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 2978 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Angelo Navarro's ("Plaintiff") claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's petition for summary reversal or remand is granted in part and the Commissioner's motion for summary judgment [Doc. No. 23] is denied.

## BACKGROUND

### I. Procedural History

Plaintiff applied for SSI on December 2, 2011 alleging a disability onset date of October 13, 2011 due to mental problems, delocated arm and shoulder, as well as

two holes in his heart.[1] (R. 302, 324.) The claim was initially denied on March 23, 2012 and upon reconsideration on June 28, 2012. (R. 167–68.) Plaintiff filed a written request for hearing on July 11, 2012, which was held on April 16, 2014. (R. 198.) Plaintiff appeared and testified at the hearing before Administrative Law Judge ("ALJ") Lovert F. Bassett. (R. 109–66.) Dr. Ronald A. Semerdjian, MD, a medical expert, and Margaret H. Ford, a vocational expert, also appeared and testified. (*Id.*) On August 9, 2014, the ALJ issued an unfavorable written decision, finding Plaintiff is not disabled. (R. 15–40.) The Appeals Council ("AC") denied review on February 10, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

**II.     Medical Evidence**

Plaintiff was born on December 6, 1965 and was forty-five years old as of his alleged onset date. (R. 302.) His records reflect that he last worked as a laborer in a spring factory for six months in 2008. (R. 318, 324.)

**A. Medical Records**

Although Plaintiff's administrative record contains evidence related to both his physical and mental impairments, the Court will only address those records which are necessary to resolve the issues raised by the parties.

---

[1] Claimant had previously filed an application for disability insurance benefits and supplemental security income in July of 2010. (R. 172.) This application was rejected on October 13, 2011. (R. 172–81.) Also in the record is the transcript of the hearing for this determination, which took place on August 23, 2011. (R. 41–100.)

Well after his alleged onset date of October 13, 2011, Plaintiff presented to Dr. Robert Prescott, Ph.D., at the behest of the Bureau of Disability Determination Services for two separate formal mental evaluations. (R. 534, 1152.)

Plaintiff's first exam with Dr. Prescott was on February 9, 2012. (R. 534.) To begin, Dr. Prescott questioned Plaintiff about his educational, marital, criminal, and vocational history. (R. 535.) Plaintiff, who served as the only informant on the matters, stated that he had been placed in special education classes in high school, but never graduated, had previously been married, and had no criminal history other than a DUI in 2004. (*Id.*) He explained that he had last been employed at the Garden Spring Company about two and half years prior to his exam date. (*Id.*) Dr. Prescott also noted that Plaintiff interacted in a cooperative manner throughout the examination and was well-articulated and understandable 90% of the time. (R. 536.)

During the latter half of the examination, Dr. Prescott focused on Plaintiff's mental status. (*Id.*). Plaintiff reported bouts of depression, and explained that he was very irritable and often cried. (*Id.*) He additionally stated that he heard a voice which instructed him to engage in "bad" behavior, such as stealing. (*Id.*) Dr. Prescott diagnosed Plaintiff with a cognitive disorder not otherwise specified, mood disorder not otherwise specified, and intermittent explosive disorder. (R. 538.)

Plaintiff's second examination with Dr. Prescott was on May 9, 2014. (R. 1152.) Once again, Dr. Prescott asked Plaintiff several personal history questions, to which Plaintiff was the only informant. (R. 1153.) Plaintiff stated that he had attended high school, but did not know if he had been placed in special education

3

classes, had never been married, and had been to jail many times including as recently at six years prior to the examination. (*Id.*) Moreover, he reported that he had last worked at the Supreme Company over six years prior. (*Id.*) Dr. Prescott deemed Plaintiff a poor historian because Plaintiff had provided several contradictory statements between his two examinations, but nonetheless added personality disorder with antisocial features to his list of diagnostic impressions. (R. 1156–57.)

At the same appointment, Dr. Prescott completed a Medical Source Statement of Ability to do Work-Related Activities (Mental). (R. 1158.) In it, he determined that Plaintiff would have moderate impairments in his ability to: understand, remember, and carry out simple instructions; make judgments on simple work-related decisions; understand, remember, and carry out complex instructions or make judgments on complex work-related decisions. (*Id.*) He further opined that Plaintiff would have marked limitations in his ability to interact appropriately with the public, supervisors, and co-workers and to respond appropriately to usual work situations and to changes in a routine work setting. (R. 1159.) Dr. Prescott based this assessment on the fact that Plaintiff claims he experiences "something" which makes him think others wish to harm him and he wants to hurt them first, before they can hurt him. (*Id.*)

4

## III. ALJ Decision

On August 9, 2014, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled between October 13, 2011, his alleged onset date, and August 9, 2014, the date the decision was entered. (R. 15–40.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 2, 2011, his application date. (R. 20.) At step two, the ALJ found that the Plaintiff had the following severe impairments: coronary artery disease/status post remote stent placement, ureteral meatal stenosis, history of bladder/kidney stones, right shoulder pain/contusion, left elbow pain with degenerative joint disease, carpal tunnel syndrome, schizoaffective disorder, cognitive disorder, and personality disorder with antisocial features.[2] (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (416.920(d), 416.925, and 416.926). (*Id.*)

Before step four, the ALJ found that prior to August 9, 2014, Plaintiff had the residual functional capacity ("RFC") to perform light work except: occasional handling; no fingering, no climbing of ladders, ropes, or scaffolds; can understand, remember, and carry out simple job instructions; occasional interactions with coworkers and supervisors but never the general public; and no collaborative joint projects with fellow coworkers or supervisors. (R. 22.) At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work. (R.

---

[2] Medical evidence regarding Plaintiff's physical impairments has been omitted from this opinion.

5

31.) Finally, at step five, the ALJ found that prior to August 9, 2014, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.*) Specifically, the ALJ found that Plaintiff could have worked as a bakery worker, a surveillance systems monitor, or as a wire preparer. (R. 32.)

Because of this determination, the ALJ found that Plaintiff had not been disabled during the material period at issue.

## DISCUSSION

### I. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386,

389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

7

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind [his] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions ... and must adequately articulate his analysis so that we can follow his reasoning...."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. Analysis

Plaintiff alleges that the ALJ's decision should be remanded because his opinion: (1) erroneously rejected Dr. Prescott's medical source statement and (2) improperly assessed Plaintiff's credibility. Because the Court finds that the ALJ improperly discounted Dr. Prescott's opinion, we need not address Plaintiff's credibility argument at this time.

**A. The ALJ improperly discounted Dr. Prescott's opinion**

The ALJ's first criticized Dr. Prescott's medical source statement because it appeared to be "largely based on the reports of [Plaintiff]." (R. 31.) While, the requirement that medical reports not be based *only* on subjective complaints extends to mental and physical impairments, almost all diagnoses—especially mental health evaluations—require some consideration of the claimant's subjective symptoms. *See McClinton v. Astrue*, No. 09 C 4814, 2012 WL 401030, at *11 (N.D. Ill. Feb. 6, 2012 ("Almost all diagnoses require some consideration of the patient's subjective reports, and certainly [the claimant's] reports had to be factored into the calculus that yielded the doctor's opinion."). Psychological and psychiatric conditions are necessarily and largely diagnosed on the basis of subjective patient complaints, *Schickel v. Colvin*, No. 14 C 5763, 2015 WL 8481964, at *11 (N.D. Ill. Dec. 10, 2015) *see* Srab Zahedi, M.D., *Diagnostic Review and Revision*, in Oxford Textbook of Correctional Psychiatry 102, 102 (Robert Trestman et al. eds., 2015) ("At its core, psychiatric diagnosis relies on the subjective complaints of the patient and objective signs noted on examination"), and doctors are permitted to rely on their patients'

9

descriptions of their conditions. *See Brown v. Barnhart*, 298 F. Supp. 2d 773, 792–93 (E.D. Wis. 2004).

Here, Plaintiff's subjective complaints were necessarily factored into Dr. Prescott's opinions, and the ALJ failed to point any evidence in the record that Dr. Prescott relied more heavily on Plaintiff's description of his condition than his own clinical observations. In fact, Dr. Prescott examined Plaintiff on two occasions prior to completing his Medical Source Statement and accounted for Plaintiff's psychiatric history when making his determinations. Thus the ALJ's decision to dismiss Dr. Prescott's opinion because he relied too heavily on Plaintiff's subjective statements, without further explanation, was in error.

Next, the ALJ discounted Dr. Prescott's finding that Plaintiff would have marked limitations in social functioning because it appeared inconsistent with Plaintiff's overall record. While consistency is one element an ALJ must evaluate before weighing a medical source opinion, an ALJ may not simply claim inconsistency alone without explaining "how the evidence in the record contradicts" the doctor's diagnoses. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) (citation omitted). The ALJ points to evidence that Plaintiff was cooperative during his mental status exams to support his own conclusion that Plaintiff demonstrated only moderate limitations in social functioning; however, the ALJ's cursory statement does not amount to an explanation which satisfies the requisite logical bridge between the evidence and his conclusions. The ALJ fails to explain how Plaintiff's ability to cooperate with Dr. Prescott during two forty-minute

examinations would translate into an ability to interact appropriately with the public, supervisors, and co-workers and to respond appropriately to usual work situations during a full work day or work week. Due to the ALJ's lack of discussion, the Court is precluded from effective review of his decision.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's petition for summary reversal or remand is granted in part and this case is remanded to the Commissioner for further proceedings that are consistent with this order.

**SO ORDERED.**                                **ENTERED:**

**DATE:**    **November 29, 2017**          _____
                                                     **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**